# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

STATE OF OHIO ex rel.
T.A. GLEASON, et al.,

      Plaintiffs,

    v.                        Case No. 1:09-cv-0023

CITY OF CINCINNATI,

      Defendant.

## **ORDER**

This matter is before the Court upon Plaintiffs' Motion for Remand and Motion for Costs, Expenses and Attorneys' Fees (doc. 5). Defendant opposes the motion (doc 6).

## I. Allegations of The Complaint

Plaintiffs State of Ohio ex rel. T.A. Gleason, T.A. Gleason, and Theodore Alan Gleason Revocable Trust (collectively, "Gleason") own 1.845 acres of property at 2106-2110 Columbia Parkway in the City of Cincinnati. The property contains two houses that are both divided into two units. Historically the property was zoned to allow up to 32 units. In 2004 the City, without notice to Gleason, re-zoned the property to SF-20, which allows a maximum of four units. This re-zoning substantially reduced the value of the property. All other parcels that were re-zoned SF-20 in the relevant area are vacant and unable to be developed.

Plaintiff T.A. Gleason, sought to have the property re-zoned back to its historic zoning. The City resisted because its Department of Transportation and Engineering ("DOTE") advised that additional units should not be permitted due to traffic on Columbia Parkway. Mr. Gleason provided

Page 1

two reports from traffic experts that stated access could be safely accomplished for up to 104 units if Right-in/Right-out only access was constructed. Traffic has steadily declined on Columbia Parkway and there has only been one accident associated with the driveway, which would have been prevented with Right-in/Right-out only access.

The Planning Commission ultimately voted two to two to approve the re-zoning. The City Council voted unanimously to defeat the re-zoning. One member of the City Council vigorously urged the defeat because Mr. Gleason did not live in the City of Cincinnati. In September 2008, subsequent to the re-zoning denial, Mr. Gleason requested DOTE approve modification of access to Right-in/Right-out only. DOTE has not yet responded.

The City has been engaged in a project funded in part by the United States Government and the State of Ohio to acquire all private access rights to Columbia Parkway. The City originally included the Gleason property in their Resolution of Intent to Appropriate but has subsequently removed it from the acquisition plan. The City has acquired access rights, made offers, or is engaged in negotiations with all other private property owners in the relevant area except Mr. Gleason. There is one other active driveway access to Columbia Parkway in the relevant area. The City zoned that property to SF-10, twice the density allowed under SF-20. Further, the City has negotiated with the owners and purchased access and development restrictions.

The City has not negotiated with Mr. Gleason. He alleges that the City has instead elected to control the Gleason property with confiscatory zoning controls.

## II. Procedural History

Plaintiffs originally filed this action against Defendant City of Cincinnati ("City") in the Hamilton County, Ohio Court of Common Pleas. Plaintiffs sought a writ of mandamus under Ohio

law to compel the City to initiate appropriation proceedings for the taking of the property and brought claims under 42 U.S.C. § 1983 for violations of the due process and equal protection clauses of the Fourteenth Amendments to the United States Constitution. Plaintiffs brought similar due process and equal protection claims under the Ohio Constitution. In the alternative to a writ of mandamus, Plaintiffs sought a declaratory judgment that the current zoning of the property was illegal, confiscatory, and unconstitutional under Ohio law.

Defendant removed the case to this Court on January 12, 2009, based on federal question and diversity jurisdiction (doc. 1). Defendant asserted that the court has original jurisdiction over claims brought under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments and that the Court has supplemental jurisdiction over the remaining state claims. Defendant also asserted that the Court has diversity jurisdiction based on the fact that there is a California address listed on the complaint for T.A. Gleason and the amount in controversy satisfies the jurisdictional minimum.

### III. Motion to Remand

Plaintiffs move for remand with costs, expenses, and attorneys' fees on the ground that there is no diversity jurisdiction because Plaintiffs and Defendant are Ohio residents. Plaintiffs also assert that federal subject matter jurisdiction is improper because this is primarily a Fifth Amendment takings case that is not ripe under *Williamson County Regional Planning Commission v. Hamilton Bank,* 473 U.S. 172 (1985), and the remaining federal questions are ancillary. Defendant asserts that Plaintiffs' federal claims are not all ancillary to the takings claim and at least one of them is ripe for federal adjudication. Defendant alternatively asserts that the Ohio statute of limitations has run so the claims are ripe. Plaintiffs contend that the claims are not time-barred.

### IV. Opinion

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, if the Court finds that there is no diversity jurisdiction in this case and the federal questions are not ripe, the case must be remanded.

**A. Takings Claim**

"The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson County,* 473 U.S. at 194 (quoting *Hodel v. Virginia Surface Mining & Reclamation Assn. Inc.,* 452 US 264, 297, n. 40 (1981)). There is no requirement that compensation precede or coincide with the taking, only that a "reasonable, certain and adequate provision for obtaining compensation" exists at the time of the taking. *Id*. If reasonable state procedures remain, plaintiffs must utilize those procedures before the takings claim is ripe for federal adjudication. *Id*.

Ohio state courts provide a reasonable, certain and adequate procedure for plaintiffs who assert takings claims to seek relief. *Coles v. Granville,* 448 F.3d 853, 865 (6th Cir. 2006). Under Ohio law, property owners can file mandamus actions to force government actors into appropriation proceedings. *See* Ohio Rev. Code §§ 163.01-62. Gleason has sought such relief in state court. Because the state court has yet to rule on Gleason's mandamus action, the takings claim is not ripe and this Court does not have jurisdiction over the claim.

The City nonetheless asserts that the mandamus action is time-barred, thus making the takings claim ripe. Ohio law provides that a cause of action for relief on the grounds of a physical or regulatory taking of real property must be brought "within four years after the cause thereof accrued." *See* Ohio Rev. Code § 2305.09(E) The City states that the alleged taking happened when

the City passed the ordinance re-zoning the property in 2004 and Gleason filed this action more than four years later. Gleason disputes the City's position that a four-year statute of limitations applies based on an Ohio Supreme Court decision holding the six-year statute of limitations under Ohio Rev. Code § 2305.07 applies to mandamus actions to compel appropriation proceedings. *See State ex rel. R.T.G., Inc. v. State*, 98 Ohio St.3d 1, 7 (2002). Alternatively, Gleason asserts that the taking is ongoing and even if the four-year statute of limitations applies, it did not begin to run until September 2007 when the City Council's Economic Development and Planning Commission denied Mr. Gleason's request to re-zone the property.

It is not clear whether the mandamus action is time-barred. The provision on which the City relies was codified in 2004, after *R.T.G.* was decided. However, at least one Ohio appellate court has held, post 2305.09's effective date, that *R.T.G.* is still good law. *See State ex rel. Nozik v. City of Mentor*, 2004 WL 2375969 (Ohio App. 11th Dist. Oct. 22, 2004) (unpublished opinion). The questions of which statute of limitations applies and when the statute of limitations began to run on plaintiff's mandamus action are issues of state law which are for the state court to resolve. Because there has been no determination by the state court that plaintiff's mandamus action is time-barred, Gleason is not precluded at this juncture from proceeding with its action in state court so as to render the takings claim ripe for resolution by this court.

**B. Procedural Due Process Claim**

"Procedural due process claims arising from an alleged taking may be subject to the same ripeness requirements as the taking claim itself depending on the circumstances." *Bigelow v. Michigan Dep't of Natural Resources,* 970 F.2d 154, 159 (6th Cir. 1992) (quoting *Harris v. Riverside County,* 904 F.2d 497, 500 (9th Cir. 1990)). "Where a procedural due process claim

occurs alongside a takings claim, [the Sixth Circuit has] focused on the circumstances of the specific case - and particularly the issue of when the alleged injuries occurred - before deciding whether to apply *Williamson County* to both claims." *Braun v. Ann Arbor Charter Twp.,* 519 F.3d 564, 572 (6th Cir. 2008). Where there is no instantaneous infliction of concrete injury, i.e., where a plaintiff asserts that it was denied an effective opportunity to defend its rights before they were taken, the procedural due process claim will likely not be ripe. *Bigelow,* 970 F.2d at 159. The *Bigelow* court explained its reasoning in that case as follows:

> Until the state courts have ruled on the plaintiffs' inverse condemnation claim, this court cannot determine whether a taking has occurred, and thus cannot address the procedural due process claim with a full understanding of the relevant facts. Furthermore, addressing the plaintiffs' procedural due process claim at this stage of the proceedings would allow future plaintiffs effectively to circumvent the ripeness requirement for takings claims simply by attaching a procedural due process claim to their complaint.

*Id*. at 160. Therefore, a procedural due process claim brought alongside an unripe takings claim cannot be determined unless the due process claim is factually separate from the takings claim and the injury caused by the due process deprivation can be fully established before the takings claim becomes ripe.

The Defendant relies on Sixth Circuit language that "a procedural due process claim is instantly cognizable in federal court" in support of its position that the procedural due process claim is ripe. *See Nasierowski v. Sterling Heights,* 949 F.2d 890, 894 (6th Cir. 1991). In *Nasierowski*, a plaintiff challenged a re-zoning that happened in a closed meeting without the plaintiff having notice and a chance to be heard. *Id*. at 892-93. However, *Nasierowski* was not a takings case, so the injury was fully cognizable when the plaintiff failed to receive a hearing. *See Braun,* 519 F.3d at 572. Therefore, *Nasierowski* is not applicable to this case.

In *Braun*, the Sixth Circuit reiterated its concern that plaintiffs could circumvent *Williamson County* by attaching underdeveloped procedural due process claims to unripe takings claims. 519 F.3d at 573. This case fits squarely with that concern, which counsels against a finding that the due process claim is ripe. Gleason's alleged due process deprivation occurred alongside the alleged taking, and both claims are factually connected. Plaintiffs assert that the due process violation is part of the taking. The injuries arising out of the alleged due process violation and those purportedly caused by the taking are identical. Gleason asserts it was denied an effective opportunity to defend its rights before they were taken. The Court therefore finds that the procedural due process claim is ancillary to the takings claim and is not ripe for federal adjudication.

**C. Equal Protection Claim**

The only Sixth Circuit case to directly address the issue of whether an equal protection claim is subject to the *Williamson County* ripeness analysis is *Bigelow*, 970 F.2d at 159-59.[1] In *Bigelow*, the Sixth Circuit expressly found that the same standard of finality applies to both equal protection and takings claims. The *Bigelow* court found that the plaintiff's equal protection claims were not ripe because state court remedies that were not futile still existed. 970 F.2d at 159. Similarly, Gleason's Ohio mandamus action could provide appropriate relief on the equal protection claim. In accordance with *Bigelow*, the claim is therefore not ripe and this Court lacks jurisdiction over the claim.

---

[1] The City cites *Braun*, where the court recognized what it considered to be an apparent conflict in the case law. 519 F.3d at 574-75 (comparing *Bigelow*, 970 F.2d at 158-59, with *Silver v. Franklin Twp.*, 966 F.2d 1031, 1036-37 (6th Cir. 1992) (affirming summary judgment on an equal protection claim brought alongside an unripe takings claim)). However, *Silver* never directly addressed whether equal protection claims are subject to the same finality requirement as takings claims, and *Braun* declined to resolve the apparent conflict.

**D. Diversity Jurisdiction**

Plaintiffs assert in this motion that all parties are citizens of the State of Ohio despite the California mailing address listed for Mr. Gleason on the complaint. Plaintiffs contend that Mr. Gleason's permanent residence is the subject property in the City of Cincinnati, he voted in Ohio in the recent November election, he pays income taxes to both the City of Cincinnati and the State of Ohio, and he conducts the vast majority of his business in Ohio. Defendant does not contest that Mr. Gleason is a resident of Ohio in its response. Accordingly, it appears that diversity jurisdiction is lacking because Plaintiffs and Defendant are citizens of the same state.

**E. Attorneys' Fees**

Title 28 U.S.C. § 1447(c) authorizes the Court to require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Absent unusual circumstances, a court may award attorney fees only where the removing party "lacked an objective reasonable basis for seeking removal." ***Martin v. Franklin Capital Corp.***, 546 U.S. 132, 141 (2005). Fees should be denied if an objectively reasonable basis for seeking removal exists. ***Id***.

The Court finds that an objectively reasonable basis for seeking removal exists in this case. There is some cause for confusion in the Sixth Circuit case law as to whether an equal protection claim that is brought alongside a takings claim must satisfy the ***Williamson County*** ripeness standard. Therefore, it was reasonable for the City to rely on its position that the equal protection claim could be adjudicated. It was likewise reasonable for the City to rely on its position that the statute of limitations has run on the mandamus action and there are no further reasonable means for plaintiffs to obtain compensation under Ohio law. Accordingly, an award of fees is not appropriate in this case.

## V. Conclusion

Plaintiffs' Motion for Remand and Motion for Costs, Expenses, and Attorneys Fees (doc. 5) is **GRANTED** as to the motion for remand and **DENIED** as to the motion for costs, expenses and attorneys' fees. The Court **ORDERS** that this case be **REMANDED** to the Hamilton County, Ohio Court of Common Pleas.

**IT IS SO ORDERED.**

                                                 S/ Herman J. Weber
                                                      HERMAN J. WEBER
                                 SENIOR JUDGE, UNITED STATES DISTRICT COURT